UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACKSONVILLE POLICE AND FIRE PENSION FUND, on behalf of itself and all others similarly situated,<br><br>           Plaintiff,<br><br>  v.<br><br>AMERICAN INTERNATIONAL GROUP, INC., MARTIN SULLIVAN, STEVEN BENSINGER, JOSEPH CASSANO and ROBERT LEWIS,<br><br>           Defendants. | Civil Case No: 1:08-CV-4772-RJS<br><br>**ECF CASE** |
| JAMES CONNOLLY, Individually and On Behalf of All Others Similarly Situated,<br><br>           Plaintiff,<br><br>  vs.<br><br>AMERICAN INTERNATIONAL GROUP, INC., MARTIN J. SULLIVAN, STEVEN J. BENSINGER, JOSEPH J. CASSANO, ROBERT E. LEWIS and DAVID L. HERZOG,<br><br>           Defendants. | Civil Case No: 1:08-CV-5072-RJS<br><br>**ECF CASE** |
| MAINE PUBLIC EMPLOYEES RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>           Plaintiff,<br><br>  v.<br><br>AMERICAN INTERNATIONAL GROUP, INC., MARTIN SULLIVAN, STEVEN BENSINGER, JOSEPH CASSANO and ROBERT LEWIS,<br><br>           Defendants. | Civil Case No: 1:08-CV-5464-RJS<br><br>**ECF CASE** |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF
OAKLAND COUNTY FOR CONSOLIDATION AND FOR
APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL**

| | |
|---|---|
| ONTARIO TEACHERS' PENSION PLAN BOARD, on behalf of itself and all others similarly situated,<br><br>                                                      Plaintiff,<br><br>            v.<br><br>AMERICAN INTERNATIONAL GROUP, INC., MARTIN SULLIVAN, STEVEN BENSINGER, JOSEPH CASSANO and ROBERT LEWIS,<br><br>                                                      Defendants. | Civil Case No: 1:08-CV-5560-RJS<br><br>**ECF CASE** |

Oakland County, a municipal corporation organized under the laws of the State of Michigan ("Oakland County"), respectfully submits this memorandum of law in further support of its motion for: (i) consolidation of the Actions;[1] (ii) appointment of Lead Plaintiff; and (iii) approval of its selection of Lead Counsel.

## PRELIMINARY STATEMENT

Presently pending before this Court are five motions for consolidation, appointment of Lead Plaintiff, and approval of Lead Counsel.[2] Two of the competing movants (Michigan and the Ontario/PGGM) purportedly have substantial losses in transactions in American International Group, Inc. ("AIG") common stock during the class period. Based on the certifications submitted to the Court, however, Oakland County is the only movant with standing to pursue claims on behalf of those that purchased or otherwise acquired bonds from AIG during the class period (the "Bond Class") for violations of Sections 11, 12(a) and 15 of the Securities Act of 1933 (the "Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").[3]

---

[1] The Actions are: *Jacksonville Police And Fire Pension Fund v. American International Group, Inc.*, No. 1:08-CV-4772-RJS; *James Connolly v. American International Group, Inc.*, No. 1:08-CV-5072-RJS; *Maine Public Employees Retirement System v. American International Group, Inc.*, No. 1:08-CV-5464-RJS; and *Ontario Teachers' Pension Plan Board v. American International Group, Inc.*, No. 1:08-CV-5560-RJS.

[2] The other four movants are: The City of Saginaw Police and Fire Pension Board; the AIG Institutional Investor Group; the Ontario Teachers' Pension Plan Board and PGGM ("Ontario/PGGM"); and the State Treasurer of the State of Michigan ("Michigan").

[3] Oakland County has submitted a certification setting forth its purchases of AIG securities (including both common stock and bonds) during the relevant period. (*See* Exhibit C to the Affidavit of Richard A. Speirs in Support of the Motion of Oakland County for Appointment of Lead Plaintiff and Lead Counsel, sworn to on July 21, 2008 (the "Speirs Aff.").) Oakland County has also submitted a chart, pertaining to its stock and bond purchases, that sets forth Oakland County's financial interest in the Actions. (Speirs Aff., Ex. D.)

Given that the Bond Class's claims involve significantly different pleading standards and burdens of proof, and that Oakland County is the only movant with standing to prosecute those claims, this Court should appoint Oakland County as Co-Lead Plaintiff or the representative of the putative class of bond holders, along with its proposed Co-Lead Counsel.

## ARGUMENT

**I.   THE PURCHASERS OF AIG'S BONDS REQUIRE SEPARATE REPRESENTATION**

Among the securities at issue in the Actions are bonds that AIG offered in December 2007 (the "Offerings").[4] The Offerings came on the heels of AIG's December 5, 2007 Investor Conference during which AIG attempted to – and successfully did – reassure the markets of AIG's financial health. Within the next week, AIG sold over $3.5 billion in newly issued debt securities to investors, including Oakland County. The Offerings were sold pursuant to a shelf registration statement on Form S-3, dated June 22, 2007 (the "Registration Statement") and a prospectus, dated July 13, 2007 (the "Prospectus"), both of which were filed with the Securities and Exchange Commission ("SEC"). The Registration Statement and Prospectus incorporated certain of AIG's prior and subsequent SEC filings which contained materially false and misleading information, as alleged in the various complaints filed in the Actions.

Members of the Bond Class, such as Oakland County, possess Securities Act claims against AIG and certain of its senior executives (the "Defendants") that are significantly different from the claims of other class members under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). Neither Section 11 nor Section 12(a)(2) requires the Bond Class to allege scienter, reliance, or causation – all elements of a Section 10(b) claim.

---

[4] The various complaints filed with the Court define the class as purchasers of "AIG Securities" during the class period.

*See Herman & McLean v. Huddleston*, 459 U.S. 375, 381-82 (1983); *In re: Initial Public Offerings Sec. Litig.*, 483 F.3d 70, 73 n.1 (2d Cir. 2007). The Bond Class therefore need only allege a material misstatement or omission in the Registration Statement (Section 11) or the Prospectus (Section 12(a)(2)) to state a claim against the Defendants. *See Herman & McLean*, 459 U.S. at 382 ("If a plaintiff purchased a security issued pursuant to a registration statement, he need only show a material misstatement or omission to establish his *prima facie* case.").

Unlike a Section 11 or a Section 12 claim, a Section 10(b) claim also requires a plaintiff to comply with the pleading requirements of Fed. R. Civ. P. 9(b) and the PSLRA. *See Nanopierce Technologies, Inc. v. Southridge Capital Management LLC*, No. 02 Civ. 0767, 2003 WL 22882146, at *10, n.1 (S.D.N.Y. Dec. 4, 2003) (*citing* 15 U.S.C. § 78u-4(b)(1)) ("[Plaintiff's] Section 10(b) claim is subject to the pleading requirements of the PSLRA, which also requires plaintiff to 'specify each statement alleged to have been misleading.'"). In contrast, "an issuer's liability under Section 11 is absolute." *In re IPO*, 483 F.3d at 73. Accordingly, the Bond Class need only prove the existence of a material misstatement or omission in the Registration Statement or Prospectus to prevail against the Defendants in the Actions.

Due to the substantial differences between the Securities Act and Exchange Act claims, including their pleading standards and standards of proof, the Court should appoint separate representation for the Bond Class and AIG common stock purchasers.

## II. OAKLAND COUNTY IS THE ONLY MOVANT CAPABLE OF REPRESENTING THE BOND CLASS

It is well within this Court's discretion to appoint a co-lead plaintiff or designate a sub-class, with its own representative and counsel, to protect the interests of a putative class. *See Miller v. Ventro Corp.*, 01-1287, 2001 WL 34497752, at *11 (N.D. Cal. Nov. 28, 2001); *see also In re Flight Safety Technologies, Inc., Sec. Litig.*, 231 F.R.D. 124, 131 (D. Conn. 2005)

("Although there is no apparent preexisting relationship between [movants] … the Court exercises its discretion and, acting in the best interests of the purported class members, appoints [movant] as a co-lead plaintiff."); *In re Oxford Health Plans Inc. Sec. Litig.*, 182 F.R.D. 42, 45 (S.D.N.Y. 1998) (appointing co-lead plaintiffs to protect competing interests). Such a structure is warranted where, as here, the "appointment of co-lead plaintiffs 'will enhance, rather than reduce, the efficiency of the litigation.'" *In re Flight Safety Technologies,* 231 F.R.D. at 10. (citations omitted).

The PSLRA in fact contemplates appointing co-lead plaintiffs "where a single-plaintiff structure would raise concerns." *Dolan v. Axis Capital Holdings, Ltd.*, No. 04-8564, 2005 WL 883008, at *5 (S.D.N.Y. April 13, 2005). Ensuring that a lead plaintiff has standing to press each claim on behalf of the class members is vital to the proper prosecution of any securities class action. *See Goldstein v. Cytogen Corp.*, Civ. No. 92-3960 1993 WL 274246, at *5 (D.N.J. June 7, 1993) (finding that "plaintiff has failed to demonstrate that the groups of purchasers of common stocks [sic] have interests similar to those of purchasers of preferred stocks [sic] and warrants. Accordingly, the definition of the class the plaintiff will represent will include only purchasers of common stock."); *In re One Bancorp. Sec. Litig.*, 136 F.R.D. 526, 531-32 (D. Me. 1991) (noting that "each of the named Plaintiffs purchased only common stock…The named Plaintiffs may [therefore] represent only class members who purchased common stock.").

Appointing a separate representative for the Bond Class is particularly important here. There are strategic decisions critical to litigating the Bond Class's Section 11 and Section 12 claims that must be made at early stages of the Actions, such as whether to move for summary judgment on the Securities Act claims independent of litigating the Exchange Act claims. Designating Oakland County to represent the Bond Class ensures that all purchasers of AIG

5

securities have adequate representation in the Actions.  *See Miller*, 2001 WL 34497752, at *11 (finding it "appropriate to appoint a bondholder as co-lead plaintiff in addition to a stockholder"); *see also See In re Star Gas Sec. Litig.*, No. 04-1766, 2005 WL 818617, at *5 (D. Conn. April 8, 2005) (approving three-plaintiff leadership structure because each lead plaintiff had "unique attributes"); *Danis v. UNS Commc'ns, Inc.*, 189 F.R.D. 391, 398 (N.D. Ill. 1999) (granting certification of class represented by co-lead plaintiffs, "each [of whom] lack[ed] standing to assert all of the claims alleged in the complaint, but who [t]aken together…[had] standing as to all claims asserted.").

Oakland County is the "most adequate" plaintiff to represent the Bond Class.  Based on the certifications submitted to the Court in connection with the lead plaintiff motions, only Oakland County purchased bonds and suffered losses in connection with or traceable to the Offerings.  *See* Speirs Aff., Ex. C and D.  Oakland County has also timely moved this Court for appointment as Lead or Co-Lead Plaintiff, and has the willingness, resources and expertise to protect the interests of the Bond Class.  Finally, Oakland County seeks to be Co-Lead Plaintiff in these Actions to pursue the Bond Class's Securities Act claims against the Defendants.

### III. OAKLAND COUNTY SATISFIES THE TYPICALITY AND ADEQUACY REQUIREMENTS OF RULE 23 WITH RESPECT TO THE BOND CLASS

#### A. Oakland County's Claims Are Typical of the Claims of the Bond Class

Both Oakland County and the Bond Class possess claims that arise from the same alleged conduct by the Defendants during the class period.  Their claims also arise from violations of the same sections of the Securities Act.  For the reasons set forth in its moving papers and the additional reasons stated herein, Oakland County therefore satisfies the typicality requirement of Fed. R. Civ. P. 23(a) with respect to the Bond Class.  *See Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. LaBrance & Co., Inc.*, 229 F.R.D. 395, 412 (S.D.N.Y. 2004) (quoting

6

*In re Drexel Burnham Lambert Group, Inc.,* 960 F.2d 285, 291 (2d Cir.1992)).

### B. Oakland County Will Fairly and Adequately Represent the Interests of the Bond Class

In addition to the reasons set forth in its moving papers, Oakland County's interests are aligned with — and certainly are not antagonistic to — the interests of the Bond Class. Like other members of the Bond Class, Oakland County is a victim of the Defendants' alleged misstatements and omissions in the Registration Statement and Prospectus, and it sustained damages as a result. Oakland County's significant financial stake in the Actions, its stated interest in prosecuting the Actions, and, more specifically, the claims of the Bond Class, and its choice of proposed Co-Lead Counsel demonstrate that Oakland County will more than "fairly and adequately protect" the interests of the Bond Class. *See Sofran v. La Branche & Co., Inc.,* 220 F.R.D. 398, 403 (S.D.N.Y 2004) (quoting *In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, No. MDL 1500, 2003 WL 102806, at *2 (S.D.N.Y. Jan. 10, 2003)); Fed. R. Civ. P. 23(a)(4).

### IV. OAKLAND COUNTY'S SELECTION OF COUNSEL SHOULD BE APPROVED

Oakland County has selected and retained Zwerling, Schachter & Zwerling, LLP ("Zwerling, Schachter") to represent it and serve as proposed Co-Lead Counsel for the Bond Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Zwerling, Schachter has extensive experience in the areas of securities class action litigation and other complex litigation, and has been responsible for significant successful results on behalf of injured investors in numerous securities class action lawsuits, as well as legal decisions that enable litigation such as this to be successfully prosecuted. (*See* Speirs Aff., Ex. E.)

**V.     CONCLUSION**

For the reasons set forth above, it is respectfully requested that Oakland County be appointed Co-Lead Plaintiff or the representative for the putative class of bond holders, and the Court approve its choice of Zwerling, Schachter as Co-Lead Counsel.

Dated:  August 7, 2008

                                              Respectfully Submitted,

                                              **ZWERLING, SCHACHTER**
                                              **& ZWERLING, LLP**

                                              By: s/ Jeffrey C. Zwerling

                                              Jeffrey C. Zwerling
                                              Richard A. Speirs
                                              Justin M. Tarshis
                                              41 Madison Avenue
                                              New York, NY 10010
                                              Tel:  (212) 223-3900
                                              Fax:  (212) 371-5969
                                              jzwerling@zsz.com
                                              rspeirs@zsz.com
                                              jtarshis@zsz.com

                                              *Attorneys for Lead Plaintiff Movant*
                                              *Oakland County*

- 1 -

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACKSONVILLE POLICE AND FIRE PENSION FUND, on behalf of itself and all others similarly situated,<br><br>          Plaintiff,<br><br>  v.<br><br>AMERICAN INTERNATIONAL GROUP, INC., MARTIN SULLIVAN, STEVEN BENSINGER, JOSEPH CASSANO and ROBERT LEWIS,<br><br>          Defendants. | Civil Case No: 1:08-CV-4772-RJS<br><br>**ECF CASE** |
| JAMES CONNOLLY, Individually and On Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>  vs.<br><br>AMERICAN INTERNATIONAL GROUP, INC., MARTIN J. SULLIVAN, STEVEN J. BENSINGER, JOSEPH J. CASSANO, ROBERT E. LEWIS and DAVID L. HERZOG,<br><br>          Defendants. | Civil Case No: 1:08-CV-5072-RJS<br><br>**ECF CASE** |
| MAINE PUBLIC EMPLOYEES RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>          Plaintiff,<br><br>  v.<br><br>AMERICAN INTERNATIONAL GROUP, INC., MARTIN SULLIVAN, STEVEN BENSINGER, JOSEPH CASSANO and ROBERT LEWIS,<br><br>          Defendants. | Civil Case No: 1:08-CV-5464-RJS<br><br>**ECF CASE** |

|  |  |
|---|---|
| ONTARIO TEACHERS' PENSION PLAN BOARD, on behalf of itself and all others similarly situated,<br><br>　　　　　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>AMERICAN INTERNATIONAL GROUP, INC., MARTIN SULLIVAN, STEVEN BENSINGER, JOSEPH CASSANO and ROBERT LEWIS,<br><br>　　　　　　　　　　　　　　Defendants. | Civil Case No: 1:08-CV-5560-RJS<br><br>**ECF CASE** |

## CERTIFICATE OF SERVICE

I, Donald Lanier, am over 18 years old and not a party to this action;

I hereby certify that on August 7, 2008, I electronically filed the foregoing:

MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF OAKLAND COUNTY FOR CONSOLIDATION AND FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL.

with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Salvatore Jo Graziano**
  SGraziano@blbglaw.com

- **David Robertson Hassel**
  DavidH@blbglaw.com

- **Stuart Berman**
  sberman@sbtklaw.com

- **Sean M. Handler**
  ecf_filings@sbtklaw.com

- **Christopher L. Nelson**
  cnelson@sbtklaw.com

- **Jonathan Scott Shapiro**
  jshapiro@theshapirofirm.com

- **Robert Jason Shapiro**
  rshapiro@theshapirofirm.com

- **Daniel E. Bacine**
  dbacine@barrack.com

- **Regina Marie Calcaterra**
  rcalcaterra@barrack.com

- **A. Arnold Gershon**
  agershon@barrack.com

- **Noam Noah Mandel**
  noam@blbglaw.com

- **William H. Narwold**
  bnarwold@motleyrice.com

- **Lisa Merideth Pollard**
  lmpollard@locklaw.com

- **Gerald Harlan Silk**
  jerry@blbglaw.com

I also hereby certify that I have mailed by United States Postal Service the documents to the following non-CM/ECF participants:

Darren J. Check, Esq.
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA 19087

Jeffrey W. Golan, Esq.
Robert A. Hoffman, Esq
Barrack, Rodos & Bacine
Two Commerce Square
2001 Market Street
Suite 3300
Philadelphia, PA 19103

Leonard Barrack, Esq.
Barrack, Rodos & Bacine
Two Commerce Square
2001 Market Street
Suite 3300
Philadelphia, PA 19103

I certify under penalty of perjury that the foregoing is true and correct.

Executed on August 7, 2008

_____
Donald Lanier